IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES ANDREW POLT,<br><br>      Plaintiff,<br><br>  v.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>      Defendant. | Case No. 3:22-cv-00023-RRB |

### SECOND SCREENING ORDER

On February 9, 2022, James Andrew Polt, a self-represented litigant (hereinafter "Plaintiff"), filed a Complaint Under The Civil Rights Act, 42 U.S.C. § 1983 (Non-Prisoners), along with a Civil Cover Sheet and an Application to Waive the Filing Fee.[1] The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), found it failed to state a claim on which relief may be granted, but granted leave to amend.[2] Plaintiff filed a First Amended Complaint,[3] which the Court now screens in accordance with 28 U.S.C. § 1915(e)(2)(B).

---

[1] Dockets 1–3.

[2] Docket 6.

[3] Docket 7 (The Court notes that Plaintiff's First Amended Complaint is not filed pursuant to 42 U.S.C. § 1983, but using the Court's standard civil pro se complaint form with Plaintiff's annotation "*Plaintiff is using this more appropriate complaint form for this Amended Complaint.").

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 2 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 2 of 17

and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [9]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against the State of Alaska and the Municipality of Anchorage (MOA).[10] Plaintiff alleges that he is "guaranteed of the (Liberty) to be governed by a sovereign government system of laws."[11] Plaintiff alleges that since June 2005, the State of Alaska and MOA have violated his rights under the Privileges and Immunities Clause of the Fourteenth Amendment of the U.S. Constitution by inserting regulatory guidance or language from the International Fire Code (IFC) and the National Fire Protection Association (NFPA) into Alaska statutes and municipal codes.[12]

Plaintiff asserts that "these statutes and ordinances should only be that of a sovereign government[']s" systems of public laws[.][13] Broadly, Plaintiff alleges that

---

[8] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Docket 7 at 2.

[11] Docket 7 at 3.

[12] Docket 7 at 2–3.

[13] Docket 7 at 4.

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 3 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 3 of 17

materials or sample laws written by the IFC and the NFPA are copyrighted works sold by private businesses with a monetary incentive to "come up with ridiculous new materials."[14] Plaintiff alleges that in 2017, the IFC and the NFPA "through their copyrighted materials (NFPA standards) demanded that 120+ unit apt. bldgs. must 'remodel' and place bigger type more dangerous for casual usage fire alarm notifications appliances in apt unit [bedrooms] and entry ways[.]"[15] Plaintiff alleges, without factual detail that in 2019, he was "physically injured seriously on a fire alarm activation."[16] Plaintiff alleges that "I am injured for the fact that as a U.S. citizen I am not being provided a legal public law[.]"[17] Plaintiff further alleges that this is not a personal injury claim, but that his "slighter reactions, twitches and motor skill reflexes" demonstrate "Defendants habits of being 'reckless,' concerning public law fire prevention guidelines."[18]

Plaintiff summarizes his claims as follows: "The Defendants State of Alaska and MOA have 1) abridged federal law, going against the Fourteenth Amendment[; and] 2) they have stolen and infringed upon IFC and NFPA privately held

---

[14] Docket 7 at 5.

[15] Docket 7 at 6.

[16] Docket 7 at 6.

[17] Docket 7 at 6.

[18] Docket 7 at 7.

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 4 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 4 of 17

copyrighted works in a form of 'recklessness' and going against U.S.C. title copyright laws."[19]

For relief, Plaintiff requests an order for Defendants to: "Remove the private source organizations copyrights materials from IFC and NFPA, from Alaska and MOA public domain public laws, and to restore those State of Alaska and MOA public laws into 'workable' fire prevention measures, set forth by a sovereign State of Alaska, and MOA, governments."[20]

## II. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

Factual allegations may not be speculative but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are

---

[19] Docket 7 at 7.

[20] Docket 7 at 10.

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 5 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 5 of 17

insufficient to state a claim.[22]  A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[23]  A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

      Plaintiff's Complaint lacks sufficient plausible facts to meet the requirements under Rule 8 of Federal Civil Procedure.  As a threshold procedural matter, Plaintiff challenges the alleged IFC and NFPA drafted and adopted polices, but does not specify how these policies caused an actual, particularized harm to him.  Further, Plaintiff's allegations make reference to a 2019 incident in which physical harm occurred, but do not describe his injuries.  Lastly, Plaintiff's allegations do not provide sufficient factual content to draw a reasonable inference to establish liability for either defendant.  The First Amended Complaint lacks sufficient plausible detail to establish an actual, particularized injury for which this Court could grant relief.

      Substantively, Plaintiff's allegations also fail to state a claim upon which relief may be granted.  First, the State of Alaska is not a proper defendant.  States have sovereign immunity due to the Eleventh Amendment of the U.S. Constitution,

---

[22] *Id.*

[23] *Id.* (internal citations and quotations omitted).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 6 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 6 of 17

which makes them immune from suit unless that immunity is waived.[24] Plaintiff gives no indication that the State of Alaska has waived its sovereign immunity in this context.

Even if the State of Alaska could be a plausible defendant for a Privileges and Immunities Clause challenge, Plaintiff has not alleged sufficient facts to demonstrate such a claim. The Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."[25] As long established by the United States Supreme Court, this clause is not "intended as a protection to the citizen of a State against the legislative power of his own State[.]"[26] As the United States Supreme Court articulated, the Privileges and Immunities Clause "was designed to insure a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy."[27] In modern jurisprudence, the Privileges and Immunities Clause of the Fourteenth Amendment protects the rights of national citizenship.[28] Most commonly, this addresses the right to travel, which has three components: (1) the

---

[24] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[25] U.S. CONST. amend. XIV § 1, cl. 2.

[26] Slaughter-*House Cases*, 83 U.S. 36, 74 (1872).

[27] *Toomer v. Witsell*, 334 U.S. 385, 395 (1948).

[28] Generally, 1 MODERN CONSTITUTIONAL LAW § 19:11 (3rd ed.)

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 7 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 7 of 17

right to move freely between and among states, (2) to be free from discrimination from visiting or temporary residence in a state, and (3) guaranteeing equal treatment those who become permanent residents of a state.[29] Other older examples of a privilege or immunity of national citizenship includes: (1) the right to vote in a federal election;[30] (2) the right to be secure in the custody of a federal marshal;[31] (3) the right to inform federal officers or violations of federal laws;[32] and (4) the right to petition federal officials.[33] Plaintiff does not allege a violation of a federal right that extends from national citizenship.

As to Plaintiff's copyright claims, Plaintiff lacks standing. As discussed in the Court's prior Screening Order, Article III standing "is the threshold question in every federal case" which determines whether the court has the power to hear a lawsuit.[34] The "irreducible constitutional minimum of standing consists of three elements . . . [t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be

---

[29] *Saenz v. Roe*, 526 U.S. 489, 500–04 (1999).

[30] *U.S. v. Classic*, 313 U.S. 299, 314–16 (1941).

[31] *Logan v. U.S.*, 144 U.S. 263, 284–88 (1892), *abrogated on other grounds by Witherspoon v. St. of Ill.*, 391 U.S. 510 (1968).

[32] *In re Quarles*, 158 U.S. 532, 535–36 (1895).

[33] *U.S. v. Cruikshank*, 92 U.S. 543, 552 (1875).

[34] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 8 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 8 of 17

redressed by a favorable judicial decision."[35]  Without Article III standing, a federal district court has no jurisdiction to hear the alleged claim.[36]

Here, the law is clear.  Under the Copyright Act, 17 U.S.C. § 501(b), only the "legal or beneficial owner of an exclusive right under a copyright" has standing to sue for the infringement of that right.  The Ninth Circuit Court of Appeals has consistently held that only a party with ownership interest in the copyright has the right to sue.[37]  Plaintiff's pleadings make clear that the IFC and the NFPA are the alleged copyright holders in question.  Accordingly, Plaintiff does not have standing to bring this claim.

In summary, Plaintiff has neither plead sufficient plausible, factual details to meet the essential pleading requirements of Rule 8 of Federal Civil Procedure, nor presented legally cognizable claims that may be addressed by this Court.

### III. Possible Civil Rights Claim

Plaintiff's First Amended Complaint does not raise or attempt to plead the required elements of a civil rights claim under 42 U.S.C. § 1983.  However, as previously discussed in the Court's prior Screening Order, 42 U.S.C. § 1983 is a

---

[35] *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2013) (internal punctuation omitted) (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560 (1992) and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

[36] *Supra* note 45.

[37] *Righthaven v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013); *see also Silver v. Sony Pictures Entertainment, Inc*., 402 F.3d 881, 890 (9th Cir. 2005) (en banc).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 9 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 9 of 17

federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[38] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[39] The Court provides this guidance to Plaintiff in the event that he may be able to plead a claim against the Municipality of Anchorage's policy.

### a. 42 U.S.C. § 1983 requires a defendant to be a state actor

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law."[40] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[41] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[42]

---

[38] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[39] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[40] *West v. Atkins*, 487 U.S. 42, 49 (1988).

[41] *West*, 487 U.S. at 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[42] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

"Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies."[43] "In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury."[44] An official policy means a formal policy, such as a rule or regulation adopted by the defendant (local governing body), resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing the final policy.[45] A practice or custom means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant (local governing body).[46]

In order to prevail on a Section 1983 claim against a municipality alleging liability based on an official policy, practice, or custom, the plaintiff must plead sufficient plausible facts that if proven true would satisfy each of the following elements:

    1.    The defendant's (local governing body) official or employee acted under color of state law;

---

[43] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[44] *Castro v. Cty. of Los Angeles*, 822 F.3d 1060, 1073 (9th Cir. 2016) (en banc).

[45] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *see also Connick v. Thompson*, 563 U.S. 51, 62 (2011).

[46] *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (holding that plaintiff prove the existence of a widespread policy or custom as a matter of fact); *compare with, Saved Magazine v. Spokane Police Dept.*, 19 F.4th 1193, 1201 (9th Cir. 2021) (holding that allegations of isolated or sporadic incident do not form the basis for municipal liability).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 11 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 11 of 17

2. The act or acts of the defendant's (local governing body) official or employee deprived the plaintiff of his particular rights guaranteed by the laws or the Constitution of the United States;

3. The defendant's (local governing body) official or employee acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant (local governing body); and

4. The defendant's (local governing body) official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the defendant's official or employee; that is, the defendant's (local governing body) official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

### b. A state actor must violate a pre-existing federal constitutional or statutory right to provide a cause of action under 42 U.S.C. § 1983

As mentioned in the elements above to prove municipal liability, a plaintiff still must demonstrate a violation of their rights. 42 U.S.C. § 1983 does not create federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights by bringing suit in federal

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 12 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 12 of 17

court.[47] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. In addition to Constitutional rights, Section 1983 can also be used to enforce the rights guaranteed by a particular federal statute, but only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[48] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[49] Hence, if Plaintiff intends to successfully establish municipal liability under 42 U.S.C. § 1983, he must also sufficiently plead a violation of a federal constitutional or statutory right.

### c. A state actor must cause an injury to a plaintiff's federal rights

Importantly in a §1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights.

### i. Individual capacity

In order for a defendant to be individually liable under Section 1983, that defendant must personally participate in an alleged rights deprivation.[50] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was

---

[47] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[48] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[49] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[50] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 13 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 13 of 17

the actionable cause of the claimed injury."[51] A defendant sued in her individual capacity may be held liable for money damages.[52]

      ii.      <u>Official capacity</u>

In a Section 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[53] A plaintiff suing a defendant in her official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[54] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[55] However, a defendant sued in her official capacity may not be sued for damages, only for injunctive relief.[56]

**d.    A plaintiff must plead sufficient facts to meet the required elements of a claim under 42 U.S.C. § 1983.**

In order to plead a proper Section 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of:

---

[51] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

[52] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[53] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[54] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

[55] *Id.*

[56] *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 n.10 (1989).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 14 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 14 of 17

"(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[57] All of these elements must be plead in a complaint in order to bring a Section 1983 action.

## CONCLUSION

The First Amended Complaint fails to state a claim on which relief may be granted. The Court grants Plaintiff leave to amend in accordance with the guidance presented above. Plaintiff should provide sufficient plausible factual details to satisfy Federal Civil Procedure Rule 8 and the elements of a federal claim. The Court reminds Plaintiff that as an Alaska resident, personal injury claims against the Municipality of Anchorage, would need to be heard in state court, because of the limited subject matter jurisdiction of a federal district court.[58]

**IT IS THEREFORE ORDERED:**

1. The Complaint is dismissed for failure to state a claim on which relief may be granted. The Court grants leave to amend.

2. Plaintiff has until **November 7, 2022**, to file either:

   a. <u>Amended Complaint</u>, in which Plaintiff restates his claims with additional factual details. Any Amended Complaint *should be on the*

---

[57] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[58] *See* 28 U.S.C. § 1332.

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 15 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 15 of 17

>    *Court's form*, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[59]
>
>    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to withdraw his action and preserve his claims for litigation at a later date.
>
> 3. If Plaintiff does not file either an Amended Complaint or a Notice of Voluntary Dismissal on the Court's form by **November 7, 2022**, this case may be dismissed without further notice to Plaintiff.[60]
>
> 4. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.
>
> 5. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case.

---

[59] Local Civil Rule 15.1.

[60] *See* Fed. R. Civ. P. 41(b).

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 16 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 16 of 17

Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS 02 Complaint Under The Civil Rights Act (Non-Prisoner); (2) form PS 22 Civil Complaint; (3) form PS21, Pro Se Notice; (4) form PS 12, Pro Se Motion; and (5) form PS23, Notice of Change of Address."

DATED this 5th day of October, 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 3:22-cv-00022-RRB; *Polt v. Municipality of Anchorage*
Second Screening Order
Page 17 of 17
Case 3:22-cv-00023-RRB   Document 8   Filed 10/05/22   Page 17 of 17